IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Ena Grayes, *et al.*, ) | CASE NO. 1: 22 CV 0033 |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| Detective Giovanni Santiago, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

**Introduction**

*Pro se* Plaintiff Ena Grayes ("Plaintiff") filed this action on behalf of herself and her husband Otto Grayes against Defendant Giovanni Santiago, a police detective employed by the City of Cleveland. (Doc. No. 1.) In her complaint, Plaintiff complains that Detective Santiago failed to make an arrest after he responded to a police report she and/or her husband made of breaking and entering into their apartment by an employee of their apartment manager. She contends Detective Santiago should have made an arrest and that he incorrectly concluded after investigating their report that Mr. Grayes had a mental illness when in fact he does not. (Doc. No. 1 at 5-6.)

Plaintiff asserts she is "charging" Detective Santiago with libel and slander under Ohio Rev. Code § 2739.01; violation of Article 1, Section 10a of the Ohio Constitution regarding the rights of victims of crime; and dereliction of duty, compounding a crime, obstructing justice, and engaging in a pattern of corrupt activity under Ohio Rev. Code §§ 2921.44, 2921.21, 2921.32,

and 2929.31. (*Id.* at 7.) She seeks "criminal prosecution" and monetary damages. (*Id.* at 8.) With her complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the following reasons, however, her action is dismissed.[1]

## Discussion

Federal courts are courts of limited jurisdiction and have a duty to consider their subject-matter jurisdiction in every case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject-matter jurisdiction exists under 28 U.S.C. § 1331 when a claim arising under federal law is presented on the face of a well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked under 28 U.S.C. § 1332 when the plaintiff presents state-law claims between parties of completely diverse citizenship, and the amount in controversy exceeds $75,000.

Plaintiff's complaint does not demonstrate a valid basis for an exercise of federal subject-matter jurisdiction under either § 1331 or § 1332. No claim arising under federal law is

---

[1] As an initial matter, although the case caption lists both Ena and Otto Grayes as Plaintiffs, only Ena Grayes signed the complaint and a motion to proceed *in forma pauperis*. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). An adult litigant who wishes to proceed *pro se,* which is Latin for "in one's own behalf," must personally sign the complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). An adult litigant who is not a licensed attorney cannot bring claims on behalf of another person, even if that person is a spouse or a child. Accordingly, because only Ena Grayes's signature appears on the pleadings, the Court can only consider claims that pertain to her.

discernible on the face of her complaint. Instead, the only claims Plaintiff alleges on the face of her complaint arise under Ohio law. (*See* Doc. No. 1 at 7.) But she has not demonstrated a basis for an exercise of federal diversity jurisdiction over such claims because she has not demonstrated that the parties are of diverse citizenship. Rather, she indicates the parties are all citizens of the same state, Ohio. (*See* Doc. No. 1 at 3, ¶¶ 1,2.)

## Conclusion

Accordingly, in that no basis for federal subject-matter jurisdiction appears on the face of Plaintiff's complaint, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). This dismissal is without prejudice to any claims plaintiff may properly assert in state court on the alleged facts. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2022